IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JOHN ADAM SORG,<br><br>    Plaintiff,<br><br>v.<br><br>JOE MARCOU, et al.,<br><br>    Defendants. | MEMORANDUM DECISION<br><br>Case No. 2:13-cv-00255-DAK-DBP<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Dustin B. Pead |

### I.   INTRODUCTION

This matter was referred to the Court under 28 U.S.C. § 636(b)(1)(B).  (Docket No. 6.) Plaintiff, John Adam Sorg, filed a *pro se* civil rights complaint against Defendants Joe Marcou, Ricky Marcou, David Marcou, and Steve Perrine.  (Dkt. No. 3.)  Magistrate Judge Paul M. Warner granted Plaintiff's motion for leave to proceed *in forma pauperis*.  (Dkt. No. 2.)  Plaintiff now moves for service of process (Dkt. No. 4), and for appointed counsel (Dkt. No. 5).  For the reasons below, the Court **DENIES** Plaintiff's motions, and **ORDERS** Plaintiff to file an amended complaint.

### II.   PLAINTIFF'S MOTION TO APPOINT COUNSEL

Civil litigants lack a Sixth Amendment right to counsel.  See Johnson v. Johnson, 466 F.3d 1213, 1217 (10th Cir. 2006).  However, in its discretion, a district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); Johnson, 466 F.3d at 1217.  The party requesting counsel bears the burden "to convince the court that there is

sufficient merit to his claim to warrant the appointment of counsel." McCarthy v. Weinberg, 753 F.2d 836, 838 (10th Cir. 1985). When deciding whether to appoint counsel, the court should consider numerous factors, "including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995) (citation omitted).

After reviewing Plaintiff's complaint, and applying the law above, the Court **DENIES** Plaintiff's motion to appoint counsel. (Dkt. No. 5.) Plaintiff failed to articulate a discernible legal claim. He failed to succinctly summarize the factual issues giving rise to his claims. These shortcomings make it difficult for the Court to analyze the complexity involved in the claims, and Plaintiff's ability to present the claims.

### III.  PLAINTIFF MUST FILE AMENDED COMPLAINT

In reviewing Plaintiff's complaint, the Court notes several deficiencies. (Dkt. No. 3.) The hand-written complaint is, at times, illegible. The complaint lacks a statement that demonstrates jurisdiction before this Court is appropriate. It describes allegations against individuals Plaintiff failed to name as Defendants.

Moreover, the complaint fails to list specific legal causes of action. Instead, the over one-hundred page complaint contains numerous, unrelated grievances against law enforcement and mental health officials, and other individuals who allegedly harassed Plaintiff. The complaint lacks clear demands. Instead, it asks the Court to issue unspecified injunctions against Defendants to correct their "misgivings." (Dkt. Nos. 3 at 2; 3-1 at 8.)

Such inadequacies support *sua sponte* dismissal. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court prefers to allow Plaintiff an opportunity to remedy the

inadequacies by amending his complaint. See McKinney v. State of Okla., Dep't of Human Serv., 925 F.2d 363, 365 (10th Cir. 1991).

Accordingly the Court **ORDERS** Plaintiff to submit an amended complaint. The amended complaint should be legible. It should set forth "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). It should also list all parties involved. It should include a "short and plain statement" of the claim(s) showing Plaintiff is entitled to relief. Id. 8(a)(2). That is, Plaintiff should list all his legal causes of action, and provide clear statements that show he is entitled to relief on those causes of action. Finally, Plaintiff should list specific demands for the relief he seeks. Id. 8(a)(3). The Court warns Plaintiff that if he fails to comply with this order, it will result in this Court recommending his complaint be dismissed.

### IV.   PLAINTIFF'S MOTION FOR SERVICE OF PROCESS

Because the Court orders Plaintiff to amend his complaint, the Court **DENIES** Plaintiff's motion for service of process. (Dkt. No. 4.) When Plaintiff submits his amended complaint, he may renew his motion for service of process.

### V.   ORDERS

For the reasons discussed above, the Court issues the following **ORDERS**:

The Court **DENIES** Plaintiff's motion for service of process without prejudice. (Dkt. No. 5.)

The Court **DENIES** Plaintiff's motion for appointment of counsel. (Dkt. No. 4.)

The Court **ORDERS** Plaintiff to file an amended complaint, as described above, by **May 26, 2013**, or risk dismissal of his action.

Dated this 25th day of April, 2013.   By the Court:

_____
Dustin B. Pead
United States Magistrate Judge