IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| **JOHN ADAM SORG,**<br><br>**Plaintiff,**<br><br>v.<br><br>**JOE MARCOU, RICKY MARCOU, DAVID MARCOU, and STEVE PERRINE,**<br><br>**Defendants.** | **REPORT & RECOMMENDATION**<br><br>Case No. 2:13-cv-00255<br><br>United States District Court Judge Dale Kimball<br><br>Magistrate Judge Dustin Pead |

This matter was referred to Magistrate Judge Dustin Pead by District Court Judge Dale A. Kimball pursuant to 28 U.S.C. § 636(b)(1)(B) (Dkt. No. 6).  Currently pending before the court is John Adam Sorg's (Plaintiff) pro se Motion for Service of Process (Dkt. No. 4) and Motion For Appointment of Counsel (Dkt. No. 5).  The Court previously granted Plaintiff's Motion For Leave To Proceed *In Form Pauperis* pursuant to 28 U.S.C. § 1915 (Dkt. No. 2).

**I.  BACKGROUND**

On April 26, 2013, the Court issued an Order requiring Plaintiff to submit an Amended Complaint that lists all parties involved, includes a short and plain statement of the grounds for jurisdiction, clearly lists all legal causes of action, and provides a statement of the relief that Plaintiff is seeking.  (Dkt. No. 7); *See* Fed. R. Civ. P. 8(a)(1)(2) and(3).  The Court warned that failure to do so could result in dismissal of Plaintiff's action.  (Dkt. No. 7).

Thereafter, Plaintiff filed an eighty-six page document entitled "Relevant facts related to Civil Rights Complaint" (Dkt. No. 8), a seven page document entitled "Comments of concern to

connect the Police + Intelligence Element" (Dkt. No. 9), and a thirteen page document labeled "Closing Thoughts" (Dkt. No. 10).  The Court will consider Plaintiff's three new filings as Plaintiff's Amended Complaint  (Dkt. No. 8, 9, 10) and shall collectively review them as such.

**II.  ANALYSIS**

When a case is allowed to proceed under 28 U.S.C. § 1915, the officers of the Court are required to "issue and serve all process, and perform all duties" related to the service of process. 28 U.S.C. § 1915(d).  However, Section 1915(e)(2) requires the Court "dismiss the case at any time if the court determines that. . . the action or appeal is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).

The United States Supreme Court has construed the meaning of "frivolous" within the context of the *in forma pauperis* statute, holding that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neizke v. Williams*, 490 U.S. 319, 325 (1989).  The statue "accords judges. . . the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* at 327.  Examples of baseless factual contentions are those which describe "fantastic or delusional scenarios." *Id*. at 327-328.  *See also Hall v. Bellmon,* 935 F.2d 1106, 11-8-10 (10th Cir. 1991).  "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

With these principles in mind the Court now turns to Plaintiff's Amended Complaint (Dkt. No. 8, 9, 10).  Plaintiff submits some one hundred pages of amended pleadings consisting of a stream of consciousness narrative that jumps from one observation to the next without

supplying any clear or concrete facts or allegations regarding the named Defendants. Plaintiff randomly addresses numerous and seemingly unrelated topics including past girlfriends, problems with the tires on his car, and the fact that "millions of dollars [are] being spent on a yearly basis to harass" him (Dkt. No. 9). Overall, the Amended Complaint amounts to an incomprehensible monologue that fails to address the deficiencies of the original complaint as required by the Court's prior Order.

Based thereon, the Court finds that Plaintiff's Amended Complaint meets the definitions of baseless and frivolous and is the type of pleading that the *in forma pauperis* statute was aimed at because it "rise[s] to the level of irrational or the wholly incredible." *Denton* at 33. While the Court construe's Plaintiff complaint liberally because he is proceeding pro se, a "broad reading of [Plaintiff's] complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### III. RECOMMENDATION

Accordingly, it is hereby recommended to the District Court Judge that Plaintiff's Complaint be DISMISSED, pursuant to the *in forma pauperis* statue. 28 U.S.C. § 1915(e)(2)(B)(I). As a result of the dismissal, it is further recommended that Plaintiff's Motion For Service of Process (Dkt. No. 4) and Motion To Appoint Counsel (Dkt. No. 5) be DENIED.

Copies of the foregoing Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file an objection to this Report and Recommendation within fourteen (14) days after being served. *Id.* Failure to object may constitute waiver of objections upon subsequent review.

DATED this 7th day of May, 2013.

_____
Dustin Pead
U.S. Federal Magistrate Judge